**Kenneth R. MARLER and Ruth Ann Marler, his wife, Plaintiffs-Respondents,**

v.

**Darrell HOUSE, d/b/a Century 21 House Realty, Defendant-Appellant.**

**No. 43140.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 20, 1982.

David L. Mayhugh, Mayhugh, Harris & Blackwell, Flat River, for plaintiffs-respondents.

David L. Colson, Colson, Wagner & Freer, Farmington, for defendant-appellant.

SIMON, Judge.

Darrell House, d/b/a Century 21 House Realty (defendant), appeals from a jury verdict rendered in the Circuit Court of St. Francois County, Missouri. Kenneth R. and Ruth Ann Marler (plaintiffs), pleaded their action in two counts: negligent misrepresentation and intentional misrepresentation. The jury found in favor of plaintiffs on Count II, awarding them actual damages of $6000 and punitive damages of $10,000. The trial court in its ruling on the motion for new trial filed a remittitur of $1500 on the jury's award of actual damages reducing it to $4500. We affirm.

Through newspaper advertisements, plaintiffs became aware of a 33 acre parcel of land being offered for sale by defendant. The defendant had submitted the advertisements for publication.

Subsequently, plaintiffs contacted Rudy Ward, an agent of defendant, met him at the property and submitted an offer for the purchase of the realty. The owners of the land rejected plaintiffs' offer, but counter offered in the amount of $16,500 which plaintiffs accepted. A contract was prepared reflecting the acreage of "33 acres more or less" and a sale price of $16,500. The contract was executed on September 7, 1977.

Defendant had the title work and preparation of the legal description performed by St. Francois County Abstract (Abstract). Abstract concluded that the parcel being sold to plaintiffs comprised only 24 acres, not 33, and discussed the discrepancy with defendant's agent, Bill Pugh. The legal description in the deed contained a separate legal description of 9 acres which was lined out by Abstract, and the deed was sent to the defendant prior to closing. The deed contained the lined out description but did not indicate the number of acres contained in the remaining description. Plaintiffs

were not told and were not aware of Abstract's findings.

At the closing, the plaintiffs inquired of Mr. Pugh, defendant's agent, what the phrase "more or less" in the closing statement meant in reference to the 33 acres. Mr. Pugh said he was not sure. Title to the land was transferred on October 1, 1977 and subsequently plaintiffs had a survey performed which indicated that only 24 acres had been conveyed.

On appeal, defendant argues that the trial court erred in: (1) submitting the case to the jury since the plaintiffs did not plead an essential element of misrepresentation, i.e. that defendant's representation was made with the intent that plaintiffs rely on same; (2) giving the verdict directing instruction, in that, plaintiffs' pleaded negligent misrepresentation and the evidence was insufficient to support the submission of intentional misrepresentation; (3) giving actual damage instruction, in that, there was insufficient evidence to support it; (4) giving punitive damage instruction, in that, there was no evidence to support it; and, (5) in admitting testimony concerning special damages regarding interest on a higher loan amount which was made to purchase the 33 acres.

Initially, defendant alleges that plaintiffs' petition failed to state a claim for relief, in that, it did not include an element of intentional misrepresentation, i.e. intent that plaintiffs rely on defendant's representations.

In determining the sufficiency of a petition, we give the pleading the benefit of all reasonable inferences from the facts stated therein. *White v. Mulvania*, 575 S.W.2d 184, 188 (Mo. banc 1978).

■ Count II of plaintiffs' petition states in part, "that plaintiffs paid the sum of Five Hundred Dollars ($500.00) per acre for said property *based on* defendant's representations or the representations of defendant's agent,". (emphasis added) Further, Count II continues, "Defendant's misrepresentations concerning the amount of acreage to be conveyed to plaintiffs was inten-

tional, deliberate willful and knowingly made." Reasonably inferring from the foregoing allegations, we believe the plaintiffs have sufficiently pleaded the element which defendant complains is missing.

■ Secondly, defendant alleges that the trial court erred in failing to sustain defendant's motion for judgment notwithstanding the verdict or new trial. Such contention requires that we view the evidence in the light most favorable to the plaintiffs, giving them the benefit of every reasonable inference which the evidence tends to support. *O'Shanghnessy v. Ward Aircraft Sales and Service*, 552 S.W.2d 730, 732 (Mo.App.1977).

■ The plaintiffs have the burden to prove each and every element of misrepresentation. The elements of intentional misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of its truth; (5) the intent that his statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) the hearer's right to rely on the statement; (8) the hearer's reliance on the truth of the statement; and, (9) the hearer's consequent and proximate injury. *O'Shanghnessy*, at 733. The evidence supports the trial court's overruling of defendant's motion.

Defendant knew before closing that the realty being conveyed to plaintiffs amounted to 24 acres and not 33. Clearly, the discrepancy was material, in that, it involved more than one-fourth of the land. Defendant advertised the realty as 33 acres and did not advise the plaintiffs of the discrepancy, in spite of their inquiries. Plaintiffs did not learn of the misrepresentation until after closing and relied on the representations by paying $16,500 for 33 acres of land when, in fact, they received only 24 acres. Consequently, plaintiffs were damaged by defendant's representations; they did not receive what they had bargained and paid for.

Additionally, defendant alleges that the verdict directing instruction should not

**368**

have been given for it applied to intentional misrepresentation while plaintiffs' petition alleged only negligent misrepresentation. We find no substance to this argument. Plaintiffs did allege intentional misrepresentation in Count II of their petition, as noted in our disposition of defendant's first point. Defendant's second point is without merit.

 As to defendant's third point, defendant alleges that the actual damage instruction should not have been given for there was insufficient evidence for the jury to compute actual damages. We find no deficiency here. The instruction clearly sets forth the computation of actual damages, "the difference between actual value of the land on the date it was sold to plaintiffs and what its value would have been on the date had the land been as represented by defendant." Our review indicates the evidence supported the submission. Defendant's point is meritless.

Defendant, in its fourth point of error, argues that the punitive damage instruction should not have been given for it was unsupported by the evidence and punitive damages cannot be awarded when actual damages cannot be computed and where negligent misrepresentation has been alleged.

Defendant's argument fails. As noted above, Count II of plaintiffs' petition sufficiently alleged intentional misrepresentation. Additionally, the jury was properly instructed. Based on the evidence, the jury could have found and did find intentional misrepresentation and awarded punitive damages. *Bukovac v. Lloyd Ketcham Oldsmobile, Inc.*, 579 S.W.2d 790, 795 (Mo.App. 1979). Finally, there was sufficient evidence to support the submission on actual damages and those damages were capable of computation as noted in our disposition of defendant's third point.

 Defendant's final point of error is that testimony as to the additional interest paid by plaintiffs for borrowing the funds to pay $16,500 for the land instead of $12,000 should not have been admitted. As-

suming but not deciding that this constituted error, the defendant was not prejudiced. The trial court ordered a remittitur in the amount of $1500, thus reducing the actual damages to $4500. Defendant's point is without merit.

Judgment affirmed.

DOWD, P. J., and GUNN, C. J., concur.